**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4661**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES WILLIAM WASHINGTON,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. James H. Michael, Jr., Senior District Judge. (CR-03-15)

———————————

Submitted: May 25, 2005                    Decided: July 13, 2005

———————————

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

James T. Maloney, MALONEY & DAVID, PLC, Richmond, Virginia, for Appellant. John L. Brownlee, United States Attorney, William F. Gould, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James William Washington appeals his conviction for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000), possession of marijuana in violation of 21 U.S.C. § 844(a) (2000), and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2000). Finding no error, we affirm.

Washington argues that the district court erred in denying his motion to suppress. This court reviews the factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Washington claims that Detective Wendy Lewis misrepresented the source of the information in her search warrant affidavit when she indicated a "personal knowledge" of the facts instead of noting that the source of the information was an informant, Nykeia Washington ("Nykeia"). A defendant is entitled to a hearing on the validity of the search warrant affidavit under Franks v. Delaware, 438 U.S. 154 (1978), if he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was

included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause." Id. at 155-56. A claim that the affiant was negligent or made an innocent mistake is inadequate to obtain a hearing on the validity of a search warrant. Id. at 171.

Washington argues that Detective Lewis had no personal knowledge of the facts and circumstances because she was not present when the event occurred and she received all of her information from outside sources. Detective Lewis testified that she checked the "personal knowledge" section of the affidavit because the local practice was that the "informer" portion of the affidavit is only used when there is a confidential informant. Further, she did not check the "informer" box because in her experience she did not have to check this box for a witness, such as Nykeia, who was not a confidential informant. This testimony is amply supported by the district court's conclusion that Detective Lewis had no intent to mislead the judge.

Detective Lewis also did not show a reckless disregard for the truth because she identified Nykeia as the source of the critical information in the affidavit.[1] The affidavit provided that "Ms. Washington stated that James Washington went to a small

---

[1]Although the affidavit is based on evidence that would be classified as hearsay, reliance on hearsay is acceptable in the context of a warrant application. Fed. R. Crim. P. 41(c)(1); United States v. Ventresca, 380 U.S. 102 (1965).

black vehicle parked in the driveway and came back with a small black gun. She states that he pointed the gun at her and her friends and stated that he was going to kill [them]." Although Detective Lewis failed to properly identify Nykeia as the source of the other occurrences surrounding the confrontation with Washington, that failure does not rise to the level of reckless disregard for the truth, as Detective Lewis did identify Nykeia as the source of the information about Washington. Mere negligence in not fully identifying Nykeia as the source is inadequate to justify a Franks hearing. Franks, 438 U.S. at 171.

Washington also argues that Lewis did not establish the credibility of the informant. Detective Lewis did not intend to misrepresent Nykeia's credibility because the affidavit specifically identified Nykeia as the source of the information about Washington, and any omission does not rise to the level of reckless disregard for the truth. Franks, 438 U.S. at 155-56. As the district court did not err in its misrepresentation determination, it did not need to consider Lewis' failure to include Nykeia's credibility on the warrant application, and it correctly denied Washington's request for a Franks hearing.

Washington also claims that the warrant was not supported by probable cause. In reviewing the propriety of issuing a search warrant, the relevant inquiry is whether, under the totality of the circumstances, the issuing judge had a substantial basis for

concluding that there was probable cause to issue the warrant. Illinois v. Gates, 462 U.S. 213, 238 (1983). The facts presented to the issuing judge need only convince a person of reasonable caution that contraband or evidence of a crime will be found at the place to be searched. Texas v. Brown, 460 U.S. 730, 742 (1983). Probable cause is a "flexible, common sense" standard. Id.

Because Lewis did not obtain the warrant until three weeks after the occurrence of the incident, Washington claims the information in the warrant was stale. To determine staleness, the court must examine all relevant facts and circumstances, including "the nature of the unlawful activity alleged, the length of the activity, and the nature of the property to be seized." United States v. McCall, 740 F.2d 1331, 1336 (4th Cir. 1984). The passage of time in itself is not necessarily dispositive because "probable cause cannot be quantified by simply counting the number of days the occurrence of the facts supplied and the issuance of the affidavit." Id. The information in the warrant is not stale if the evidence sought is "intrinsically likely to remain at the location where it was originally observed." Id. at 1337. Detective Lewis reasonably used the relatively short time span of three weeks between the incident and obtaining the warrant to conduct her investigation. The handgun sought by the warrant was likely to remain in the possession of Washington in his car or

house.  Based on a totality of the circumstances, the information in the warrant was not stale.

The warrant does not provide any evidence connecting the gun to the house, where it was found during the search, and Washington argues that there was no probable cause to search his house for the gun.[2]  "[T]he nexus between the place to be searched and the items to be seized may be established by the nature of the item and the normal inferences of where one would likely keep such evidence."  United States v. Anderson, 851 F.2d 727, 729 (4th Cir. 1988).  A "warrant is not invalid for failure to produce direct evidence that the items to be seized will be found at a particular location."  Lalor, 996 F.2d at 1582.  The warrant did say the gun was in the car parked next to the house, and there was a substantial nexus between that car and the house.  Evidence of geographic proximity between the location of known illegal activity or contraband and the place to be searched may demonstrate the required nexus.  Id. at 1583.  It was reasonable for the judge issuing the warrant to conclude that Washington kept the gun in the car or in the house as those are the places where one would normally keep a gun.

---

[2]The warrant identified the house as the place to be searched for the gun.

On this record, we conclude the district court correctly denied Washington's motion to suppress and admitted the evidence seized pursuant to the warrant.

Accordingly, we affirm Washington's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED